1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11
12

GEORGE-JASON HELM,

                        Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05262-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13
14
15
16
17
18
19
20

       Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income ("SSI") benefits.

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

parties have consented to have this matter heard by the undersigned Magistrate Judge.  After

reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons

set forth below, defendant's decision to deny benefits should be reversed and that this matter

should be remanded for further administrative proceedings.

21
22

FACTUAL AND PROCEDURAL HISTORY

23
24
25
26

       On March 23, 2010, plaintiff filed an application for SSI benefits and on November 9,

2010, he filed another one for disability insurance benefits, alleging in both applications that he

became disabled beginning September 1, 2006. See ECF #10, Administrative Record ("AR") 22.

Both applications were denied upon initial administrative review on July 22, 2010, and on

ORDER - 1

reconsideration on September 29, 2010. See id.  A hearing was held before an administrative law judge ("ALJ") on April 21, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 41-70.

In a decision dated May 13, 2011, the ALJ determined plaintiff to be not disabled. See AR 22-34.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 7, 2013, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 404.981, § 416.1481. On April 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on August 5, 2013. See ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical opinion evidence in the record from Jeffrey Collins, M.D., Lynn L. Staker, M.D., and Mark Heilbrunn, M.D.; and (2) in discounting plaintiff's credibility; and (3) in assessing plaintiff's residual functional capacity.  Plaintiff also argues the Appeals Council erred in failing to remand this matter for further administrative proceedings in light of a psychological evaluation report from Daniel M. Neims, Psy.D., that was submitted thereto.  For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion evidence from Dr. Staker and Dr. Heilbrunn and thus in assessing plaintiff's residual functional capacity, and therefore finds that remand for further administrative proceedings is warranted on that basis

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

1

2    I.        The ALJ's Evaluation of the Medical Evidence from Dr. Staker and Dr. Heilbrunn

3            The ALJ is responsible for determining credibility and resolving ambiguities and

4    conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

5    Where the medical evidence in the record is not conclusive, "questions of credibility and

6    resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

7    642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v.

8    Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining

9    whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

10   all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

11   within this responsibility." Id. at 603.

12           In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

13   "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this

14   "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

15   stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences

16   "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may

17   draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881

18   F.2d 747, 755, (9th Cir. 1989).

19           The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

20   opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

21   1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can

22   only be rejected for specific and legitimate reasons that are supported by substantial evidence in

23   the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him

24   or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

25

26

ORDER - 4

(citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative

evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

inadequately supported by clinical findings" or "by the record as a whole." Batson v.

Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a

nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may

constitute substantial evidence if "it is consistent with other independent evidence in the record."

Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

A.     Dr. Staker

With respect to the medical opinion evidence from Dr. Staker, the ALJ found:

> The orthopedic surgeon, Lynn Staker, M.D., who examined the claimant for
> [sic] on February 2, 2010, . . . rated the claimant's RFC as "light." (Exhibit 3F
> at 21)  One year later, on January 31, 2011, Dr. Staker evaluated the claimant
> again and opined that while the claimant had impaired function, this condition
> was only expected to last "6 months." (Exhibit 20F at 5).  Dr. Staker wrote in
> a narrative that the claimant "would likely be at a light-to-medium type of
> activity work." (Exhibit 20F at 4)  Dr. Staker's assessments, based on her
> specialty in orthopedic surgery and two physical evaluations, are accorded
> significant weight.

AR 27-28.  Plaintiff argues the ALJ erred in so finding here, because he failed to discuss and

then resolve an inconsistency in Dr. Staker's opinions.  The Court agrees.  Although it is true as

the ALJ notes that Dr. Staker "wrote in a narrative" she provided in relation to the January 31,

ORDER - 5

2011 evaluation report that plaintiff "would most likely be at a light-to-medium type of activity work" (AR 502), the evaluation report itself also contains the following hand-written comment: "would need PCE sedentary – light" (AR 503).  Given that these two comments are inconsistent yet offered in relation to the same report, it is far from clear that Dr. Staker found plaintiff to be capable of performing the full range of light work as the ALJ found.  See AR 26.

Defendant argues plaintiff's challenge to the ALJ's findings should be rejected, because Dr. Staker's statement that plaintiff "would most likely be at a light-to-medium type of activity" was her most recent.  But the record clearly shows both documents on which the two comments are contained are dated from the same immediate time period, if not the very same day. See AR 500-504.  Defendant also argues the ALJ's interpretation is reasonable, because "he was not required to interpret the evidence in the light most favorable to Plaintiff." ECF #18, p. 9 (citing Turner v. Commissioner of Social Security, 613 F.3d 1217, 1222-23 (9th Cir. 2010)).  But Dr. Staker clearly provided two inconsistent opinions concerning plaintiff's exertional work ability, and the ALJ gave no explanation for why he adopted the less restrictive one.  Indeed, as noted above, he wholly failed to address it. See Vincent, 739 F.3d at 1394-95 (ALJ must explain why "significant probative evidence has been rejected").

Lastly, defendant argues Dr. Staker opined that the limitation to performing "sedentary – light" work would last for at most six months. See AR 503; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (claimant must suffer from medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for continuous period of not less than twelve months).  While true, and the ALJ acknowledged this fact, he also gave no indication that it was a factor in the amount of weight he accorded Dr. Staker's opinion. See AR 28.  Given that the ALJ did not find this to be a relevant basis for crediting or discrediting that

1   opinion, the Court declines to do so as well. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir.

2   2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke

3   in making its decision"); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm

4   ALJ's decision based on evidence ALJ did not discuss).

5        B.    Dr. Heilbrunn

6        In regard to the medical opinion evidence from Dr. Heilbrunn, the ALJ found:

7
8        The physical RFC finding that the claimant can perform the full range of light
         work is supported by the opinions of Mark Heilbrunn, M.D., who evaluated
9        the claimant on June 21, 2010.  Based on a physical exam, Dr. Heilbrunn
         assessed that the claimant could "lift 30 pounds both occasionally and
10       frequently with either hand" and could stand/walk for a maximum of "5-6 out
         of 8 hours" with "no limitations in sitting[.]"  He further opined that the
11       claimant had "full use of his hands/arms for work related activities." (Exhibit
         9F at 8)  Dr. Heilbrunn's examining-source opinions are accorded significant
12       weight.

13   AR 27.  Plaintiff argues the ALJ erred in failing to mention the fact that Dr. Heilbrunn qualified

14   his functional assessment by stating he could "stand/walk for at least 30 minutes uninterrupted"

15   (AR 437), which calls into question the ALJ's reliance on that assessment in finding plaintiff to

16   be capable of performing the full range of light work.  The Court agrees.

17
18        While defendant may be correct that Dr. Heilbrunn's use of the words "at least" indicates

19   that he intended the 30-minute time period to be "a floor, not a ceiling" in terms of the ability to

20   stand/walk uninterrupted at one time (ECF #18, p. 11), it is not at all clear from Dr. Heilbrunn's

21   report what that ceiling would be.  To the extent Dr. Heilbrunn felt that ceiling fell short of the

22   maximum five to six hours total of standing/walking in an eight-hour day he believed plaintiff

23   could do, it is questionable as to whether Dr. Heilbrunn's functional assessment actually

24   provides the support the ALJ stated it does.  For example, it is unclear whether Dr. Heilbrunn felt

25   plaintiff needed to sit for a period of time, and if so for how long, after each period of

26

ORDER - 7

standing/walking.  But because the ALJ did not acknowledge this aspect of Dr. Heilbrunn's

functional assessment, the Court is unable to determine if the ALJ properly relied thereon in this

case.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

        Defendant employs a five-step "sequential evaluation process" to determine whether a

claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found

disabled or not disabled at any particular step thereof, the disability determination is made at that

step, and the sequential evaluation process ends. See id.  If a disability determination "cannot be

made on the basis of medical factors alone at step three of that process," the ALJ must identify

the claimant's "functional limitations and restrictions" and assess his or her "remaining

capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184

*2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to

determine whether he or she can do his or her past relevant work, and at step five to determine

whether he or she can do other work. See id.

        Residual functional capacity thus is what the claimant "can still do despite his or her

limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all

of the relevant evidence in the record. See id.  However, an inability to work must result from the

claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those

limitations and restrictions "attributable to medically determinable impairments." Id.  In

assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-

related functional limitations and restrictions can or cannot reasonably be accepted as consistent

with the medical or other evidence." Id. at *7.

        The ALJ in this case found plaintiff had the residual functional capacity to perform the

ORDER - 8

full range of light work, except that he could perform "**frequent but not constant reaching bilaterally**" and could have "**occasional interaction with co-workers and the general public**." AR 26 (emphasis in original).  Plaintiff argues, and the Court agrees, that because the ALJ erred in evaluating the medical opinion evidence from Dr. Staker and Dr. Heilbrunn, it cannot be said at this time that the ALJ's RFC assessment is supported by substantial evidence and thus free of reversible error.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Because issues still remain in regard to the medical opinion evidence from Dr. Staker and Dr.

Heilbrunn concerning plaintiff's physical impairments and limitations, and therefore in regard to his residual functional capacity as well as his ability to perform other jobs existing in significant numbers in the national economy,[2] remand for further consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 11th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

---

[2] If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). <u>Tackett</u>, 180 F.3d at 1100-1101; <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. <u>See</u> <u>Martinez v. Heckler</u>, 807 F.2d 771, 774 (9th Cir. 1987); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." <u>Id.</u> (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. <u>See</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ in this case found plaintiff was capable of performing other jobs existing in significant numbers in the national economy based on the testimony of the vocational expert made in regard to a hypothetical individual with the same age, education, work experience, and residual functional capacity as plaintiff. AR 32-33.  But because as discussed above the ALJ erred in assessing plaintiff's RFC, it is far from clear whether plaintiff would be able to perform the jobs identified by the vocational expert.

ORDER - 10